IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

SHARON D. HAYS, and
husband MIKE HAYS,

    Plaintiffs,

Vs.                                      CIVIL ACTION NO. 1-03-1268-T

THE GOODYEAR TIRE &             TRIAL DATE: June 13, 2005
RUBBER COMPANY,

    Defendant.

## JOINT PRETRIAL ORDER

Comes now the Plaintiff, Sharon D. Hays and the Defendant, The Goodyear Tire & Rubber Company, and submit this as their Joint Pretrial Order.

### REMAINING JURISDICTIONAL QUESTIONS

The parties agree that no jurisdictional questions remain.

### PENDING MOTIONS AND PROPER RULINGS THEREON

The following motions will be filed with this Pretrial Order and will be pending:

(i)    Defendant's Motion in Limine to Exclude Testimony of Robert W. Kennon, Ph.D.

Plaintiff contends this motion is without merit and goes only at most, if at all, to the weight of Dr. Kennon's testimony.

(ii)    Defendant's Motion in Limine to Exclude Evidence of Plaintiff's Worker's Compensation Trial and/or award.

(iii)    Defendant's Motions in Limine to Prohibit Testimony from Physical Therapist and

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on _6/10/05_



Medical Diagnosis and Physical Impairment Rating Discussed in Deposition of Dr. James Calandruccio.

    (iv)    Plaintiff's Motion to Amend Complaint.

## CONTENTIONS OF THE PARTIES

**A.**    **Plaintiff's Contentions**

On or about October 14, 2002, the Plaintiff Sharon D. Hays, a forty-two (42) year old vending service employee of Sodexho was operating her vending service cart (an industrial style golf cart with a steel mesh cage mounted on the back for carrying large quantities of food and drinks to the various vending areas throughout the huge Goodyear Tire & Rubber Plant). Sharon Hays was proceeding at a safe and reasonable speed on the middle right side of a long aisle toward one of the Goodyear break rooms to perform her vending responsibilities for her employer, Sodexho. As Sharon Hays was proceeding with the right-of-way on the larger aisle, a Goodyear employee operating a fast and heavy tow motor pulling a large heavy trailer used for hauling uncured tires suddenly pulled from the small cross aisle without any warning whatsoever. The Goodyear vehicle pulled without warning from Sharon Hays' left into and across the middle of the aisle in which she had the right-of-way, and the trailer being pulled by the tow motor swung directly in front of Sharon Hays resulting in a collision due to the excessive and unreasonable speed of the Goodyear vehicle, failure of the Goodyear vehicle operator to see and observe Sharon Hays and make a proper turn to avoid injuring her, and failure to sound the vehicle horn or give any warning that the heavy, fast, Goodyear vehicle was making a turn onto the through aisle from a cross aisle. The force of the collision resulted in an injury to Sharon Hays' wrists as she braced for the collision which was of sufficient force to throw her from the

seat up toward the steering wheel injuring her hip and ankle. Proper reports of the injury were filed. When the injury to her hands continued to get worse, she was seen by board certified physicians at the Tennessee Orthopaedic Alliance. MRI's were performed on both wrists. On January 28, 2003, Dr. Dave Alexander of the Tennessee Orthopaedic Alliance recommended surgery for the left wrist due to the amount of pain and disability that Sharon Hays had. Sharon Hays desired a second opinion. She came under the care of Dr. James Calandruccio, a board certified orthopaedic surgeon with a speciality in hand surgery at the Campbell Clinic in Memphis, Tennessee who performed surgery on June 16, 2003. Following surgery and aggressive physical therapy, Dr. Calandruccio released Sharon Hays with permanent restrictions as a result of the injury and necessary surgery that totally precluded her from returning to her work. Dr. Calandruccio indicates that Sharon Hays has a 20% whole person impairment as a result of the injuries to the left and right wrists, and indicated that she could also be rated and evaluated for Reflex Sympathetic Dystrophy. Sharon Hays was seen by Dr. Joseph C. Boals, III, a board certified orthopaedic surgeon and independent medical evaluator who also feels that her work capacity would be somewhat less than sedentary. The Defendant Goodyear Tire & Rubber Company had Sharon Hays evaluated by Dr. Sam Meredith who felt she had a 25% whole person impairment as a result of the injuries to both wrists and her ongoing pain management and problems due to the ongoing Reflex Sympathetic Dystrophy which resulted from the injury in this case. Dr. Meredith also notes that Sharon Hays' Reflex Sympathetic Dystrophy from this injury is toward the more severe end of the spectrum which results in permanent difficulties, chronic pain, loss of bone strength, and loss of mobility in the joints. The restrictions assigned by the physicians in this case totally precluded Sharon Hays from performing the physical

3

requirements of her work at Sodexho and most, if not all, other employments.

Sharon Hays contends that the Defendant Goodyear Tire & Rubber Company, by and through its agents and employees, including the operator of the Goodyear vehicle and trailer which caused the collision, was negligent in acting, or failing to act in numerous respects, including the following:

(i) Traveling at an excessive and dangerous rate of speed under the existing circumstances;

(ii) Failing to keep a proper lookout ahead;

(iii) Failing to give adequate warning of the vehicle's approach to the aisle;

(iv) Failing to install adequate warning devices such that individuals would be alerted to watch for oncoming material handling vehicles;

(v) Failing to safely construct and maintain its aisles and the area surrounding the aisles;

(vi) Failing to adequately inspect and be aware of visual obstructions in the access aisle which would limit safe and adequate sight distances of aisle occupants and others properly upon the passageway;

(vii) Failing to actively and adequately identify sight distance hazards and remove sight distance hazards when The Goodyear Tire & Rubber Company knew by the exercise of reasonable care that such failure could result in serious accidents and injuries;

(viii) Negligently and carelessly allowing conditions to exist that made the area both hazardous and extra- hazardous for aisle occupants; and

(ix) Failing to design and implement reasonable training and operation protocol that

4

would facilitate the safe and reasonable operation of material handling equipment within the facility areas.

Further, Goodyear Tire & Rubber Company is guilty of negligence per se in the violation of certain Occupational Safety & Health Act (OSHA) statutes which were in full force and effect pursuant to 29 CFR §1910.178. The violation of these statutes is negligence per se and is the direct and proximate cause of the collision and resulting injuries to Sharon Hays. Further, Defendant Goodyear Tire & Rubber Company violated certain Occupational Safety & Health Act provisions of the U. S. Department of Labor set forth in 29 CFR §1910.178, and in violation of these provisions which were in full force and effect on the date of the incident which is the subject of this Complaint is negligence per se and is the direct and proximate cause of the collision and resulting injuries to Sharon Hays:

   (i)   1910.178(n)(1). All traffic regulations shall be observed, including authorized plant speed limits. A safe distance shall be maintained approximately three truck lengths from the truck ahead, and the truck shall be kept under control at all times.

   (ii)  1910.178(n)(4). The driver shall be required to slow down and sound the horn at cross aisles and other locations where vision is obstructed. If the load being carried obstructs forward view, the driver shall be required to travel with the load trailing.

   (iii) 1910.178(n)(6). The driver shall be required to look in the direction of, and keep a clear view of the path of travel.

   (iv)  1910.178(n)(8). Under all travel conditions the truck shall be operated at a speed that will permit it to be brought to a stop in a safe manner.

   (v)   1910.178(n)(10). The driver shall be required to slow down for wet and slippery

5

floors.

(vi)     1910.178(n)(15). While negotiating turns, speed shall be reduced to a safe level by means of turning the hand steering wheel in a smooth, sweeping motion. Except when maneuvering at a very low speed, the hand steering wheel shall be turned at a moderate, even rate.

As a direct and proximate result of the negligence of Goodyear Tire & Rubber Company, Sharon Hays sustained the following damages:

(i)      Serious, permanent and disabling injuries.

(ii)     Medical expenses, both past and future.

(iii)    Lost wages in the past and lost earning capacity in the future.

(iv)     Loss of earning capacity in the future.

(v)      Physical pain, from the date of injury to the date of trial and from the date of trial future into the future.

(vi)     Physical and emotional suffering, from the date of injury to the date of trial and from the date of trial into the future.

(vii)    Impairment and the loss of the ability to enjoy the normal pleasures of life from the date of injury to the date of trial and from the date of trial into the future for the remainder of the Plaintiff's lifetime.

That as of the date of trial, Sharon Hays is forty-five (45) years old and has a life expectancy of 40.20 years according to the 1983 Individual Annuity Table (1971-1976) contained in Table VI of Volume 13 of Tennessee Code Annotated.

It is the Plaintiff's contention that she is guilty of no fault whatsoever. She was

proceeding at a safe and reasonable speed, maintaining a proper lookout and when presented with a dangerous emergency created by the operation of the Goodyear tow motor and trailer, she reacted as any normal person would under the circumstances. Sharon Hays contends that if any Goodyear employee admitted striking her vehicle and causing the collision in this case that the Goodyear employee would be subject to discipline, up to and, including discharge. Sharon Hays further contends that due to the condition of Goodyear vehicles and the Sodexho service cart that it would be difficult, if not impossible, for anyone to determine whether or not there was additional damage from the collision on October 14, 2002.

### B. Defendant's Contentions

Defendant contends Plaintiff reported the accident to her employer Sodexho, by reporting the incident to her superior Mr. Carl Watkins. Defendant contends Mr. Carl Watkins conducted an investigation and could find no damage to their vehicle. No damage was ever found on any Goodyear vehicle. Plaintiff Sharon Hays was never able to identify the individual that allegedly worked for Goodyear and who allegedly came into contact with her vehicle. Goodyear contends that Plaintiff can not carry her burden of proof as to the accident and Goodyear further contends that any injuries, damages and losses Plaintiff may have sustained, if any there be which is denied, were the direct and proximate result of her own fault in failing to exercise reasonable and ordinary care for her own safety. Defendant further contends OSHA statutes cited by Plaintiff, if applicable, are equally applicable to her and bar her right of recovery, in that she violated those OSHA standards set out by Plaintiff at pages 5 and 6, supra.

Defendant contends that the vehicle driven by Sharon D. Hays was inspected by Carl Watkins after she reported the alleged incident and he did not find any damage to said vehicle.

7

Defendant contends that James Little checked The Goodyear vehicles and found no damage and found no one who knew anything about the alleged event.

Defendant contends that Carl Watkins, Plaintiff's supervisor as a result of her reporting the alleged incident investigated and located no witnesses.

Defendant contends that Carl Watkins could never identify a Goodyear vehicle involved.

Defendant contends that Carl Watkins after Plaintiff reported the alleged incident investigated and found no water or oil on the floor.

## STATEMENT OF UNCONTESTED FACTS

1. On October 14, 2002, the Plaintiff Sharon D. Hays worked for Sodexho.

2. On October 14, 2002, the Plaintiff Sharon D. Hays while serving vending machines at The Goodyear Tire & Rubber Company in Union City, Obion County, Tennessee reported to her supervisor Carl Watkins that while "on snack truck - green tire truck pulled out in front of her and tire truck slipped hitting Sharon truck".

3. That as of the day of trial Plaintiff Sharon D. Hays has been unable to identify the other individual she contends was an employee of Goodyear and whom she contends she was involved in an accident with at the Goodyear Plant.

4. The Goodyear Safety Representative, James Little, a/k/a "Mouse" was present when Ms. Hays reported alleged incident to her supervisor Carl Watkins.

## CONTESTED ISSUES OF FACT

**A.  Plaintiff's Contested Issues of Fact**

1. What are the nature and extent of Plaintiff Sharon D. Hays' injuries, damages and losses?

8

B. <u>Defendant's Contested Issues of Fact</u>

1. Did the accident occur?

2. Is Plaintiff at fault? If so, what percent?

3. Is Defendant at fault? If so, what percent?

4. What are the natures' extent of Plaintiff's injuries, damages and losses, if any there be?

## CONTESTED ISSUES OF LAW

A. <u>Plaintiff's Contested Issues of Law</u>

1. Was Defendant Goodyear Tire & Rubber Company negligent in the failure of its tow motor driver to maintain the proper lookout, failed to yield the right-of-way to Sharon Hays who was on the through aisle, failure to see Sharon Hays who was there to be seen and allow her to pass and then make a proper turn, failing to use a horn as required by OSHA regulations and the Goodyear Tire & Rubber Company local rules, by operating at an excessive and dangerous rate of speed under the existing circumstances?

2. Goodyear Tire & Rubber Company failed to follow OSHA regulations set forth in 29 CFR §1910.178, et seq, including:

(i) §1910.178(n)(1) requiring observation of all traffic regulations, including operating at a safe speed and keeping the vehicle under control at all times.

(ii) §1910.178(n)(4) requiring the driver to slow down and sound the horn at cross aisles and other locations where vision is obstructed.

(iii) §1910.178(n)(6) requiring drivers to look in the direction which requires material handling and tow motor drivers to look in the direction of, and keep a clear

9

view of the path of travel.

    (iv) §1910.178(n)(8) requiring under all travel conditions that truck be operated at a speed that will permit it to be brought to a stop in a safe manner.

    (v) §1910.178(n)(10) requiring drivers to slow down for slippery floors.

    (vi) §1910.178(n)(15) requiring mandatory reduction of speed to a safe level when negotiating turns.

### B. Defendant's Contested Issues of Law

  1. Was Plaintiff Sharon Hays negligent in the failure to maintain proper lookout, keep vehicle at a safe speed under the circumstances then and there existing, failing to see the other vehicle, if any there be, failing to operate her vehicle under all travel conditions at speed that will permit it to be brought to a stop in a safe manner.

  2. Was Plaintiff Sharon Hays negligent in violating the following OSHA regulations:

    (i) §1910.178(n)(1) requiring observation of all traffic regulations, including operating at a safe speed and keeping the vehicle under control at all times.

    (ii) §1910.178(n)(6) requiring drivers to look in the direction which requires material handling and tow motor drivers to look in the direction of, and keep a clear view of the path of travel.

    (iii) §1910.178(n)(8) requiring under all travel conditions that truck be operated at a speed that will permit it to be brought to a stop in a safe manner.

  3. Is Robert Kennon, Ph.D.'s testimony admissible?

    4.    Is Plaintiff's workers' compensation trial and award admissible?

    5.    Is a medical diagnosis and physical impairment rating of physical therapist admissible?

## LIST OF EXHIBITS

### A. Plaintiff's List of Exhibits

1. Plaintiff intends to use the exhibits to the depositions heretofore taken, the medical records of the Plaintiff heretofore exchanged with counsel for the Defendant.

2. Photographs taken at The Goodyear Plant, video and/or manual of Goodyear for training purposes.

3. Exemplary drawing showing the general lay out of the primary through aisle and the secondary intersecting aisle from which the Goodyear vehicle pulled without warning into the path of the Plaintiff Sharon Hays.

4. 1983 Individual Annuity Table (1971-1976) contained in Table VI of Volume 13 of Tennessee Code Annotated.

5. The Functional Capacity Evaluation (FCE) performed for the injuries received in this case at Tracy Caulkins Physiotherapy Center at the request of Dr. Calandruccio on October 14, 2003, following surgery and completion of physical therapy.

6. Deposition and report of Dr. Robert Kennon, PhD, Psychologist and Vocational Examiner.

7. The report of Dr. Parker Cashdollar, Economist.

### B. Defendant's List of Exhibits

Defendant may introduce, except for impeachment:

1. Exhibits to the depositions heretofore taken.

2. The records submitted and relied upon by Defendant's vocational expert Brenda Dailey.

3. Training materials, including video and printed material utilized by Goodyear for driver training and maintenance material/records.

4. Various photographs and/or video.

5. Exhibits relied upon by Plaintiff.

6. Report of Brenda Dailey.

## LIST OF WITNESSES

### A. Plaintiff's Witnesses

The following is a list of witnesses who will be called to testify by the Plaintiff:

1. Sharon Hays

2. Dr. James Calandruccio

3. Dr. Joseph C. Boals, III

4. Dr. Sam Meredith

5. Representatives of Sodexho's workers' compensation insurance carrier to prove the amount of subrogation.

The following is a list of witnesses who may be called to testify by the Plaintiff:

1. Betty Harris

Defendant objects to Betty Harris testifying as not properly identified.

2. Carl Watkins

### B. Defendant's Witnesses

Defendant may call the following pertinent persons as witnesses at the trial either in person or by deposition, to wit:

1. Lee Caulder
2. James Little
3. Michelle Mitchell
4. Bonnie Moss
5. Brenda Dailey
6. Dr. Sam Meredith
7. Dr. James Calandruccio
8. Dr. Philip Coogan
9. Dr. David Yakin
10. Dr. Claiborne Christian
11. Dr. John Clendenin
12. Medical Record Librarians for above physicians
13. Jacqueline Gilliam
14. Heather Quinton
15. Bill Quinton
16. Michelle Williams
17. Bruce Cook or his designee - maintenance
18. Carl Watkins
19. Bobby Harrison

## DEPOSITION TESTIMONY

The physicians involved will testify by deposition.

## ESTIMATED LENGTH OF TRIAL

The parties expect the trial to last no more than three days.

## JURY VS. NON-JURY TRIAL

A jury trial has been demanded.

IT IS SO ORDERED this __10th__ day of June, 2005.

_____
JAMES D. TODD
United States District Judge

__10 June 2005__
Date

_____
Dale H. Tuttle, Esq. (6002)
Attorney for Defendant
26 North Second Street
Memphis, TN 38103
(901) 527-4673
(File: 03-545T)

_____
Jeffrey A. Garrety, Esq.
Attorney for Plaintiffs
65 Stonebridge Blvd.
Jackson, TN  38305
(731) 668-4878

N:\DHT\2003\03-545 T  Hays v. Goodyear\Pleadings\Proposed Joint Pretrial Order Rev 6-9-05.wpd

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 39 in case 1:03-CV-01268 was distributed by fax, mail, or direct printing on June 10, 2005 to the parties listed.

---

Hal W. Wilkins
LAW OFFICES OF HAL W. WILKINS
414 Union St.
Ste. 1900
Nashville, TN 37219--178

Dale H. Tuttle
GLASSMAN JETER EDWARD & WADE
26 N. Second Street
Memphis, TN 38103

Joseph Taggart
LAW OFFICE OF JEFFREY A. GARRETY
65 Stonebridge Blvd.
Jackson, TN 38308--010

Jeffrey A. Garrety
LAW OFFICE OF JEFFREY A. GARRETY
65 Stonebridge Blvd.
Jackson, TN 38308--010

Tim Edwards
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street
Memphis, TN 38103

Honorable James Todd
US DISTRICT COURT